UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

In re: JESSICA LEIGH SHROYER                CASE NO.: 23-12138-BKC-EPK
SS#: - 5385                                 Chapter 13

    Debtor
_____/

## MOTION FOR RELIEF FROM STAY

    Now Into Court, through undersigned counsel, comes Matthew Weidner, Esquire, City of Fort Pierce, ("Movant") who, pursuant to 11 U.S.C. §§ 361, 362, 363 and Bankruptcy Rules 4001, 6007, requests an order conditioning, modifying, or dissolving the automatic stay imposed by 11 U.S.C. § 362 of the Bankruptcy Code:

    1.    The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding under 28 U.S.C. § 157(b)(2). The venue of this case and this Motion is proper under 28 U.S.C. §§ 1408 and 1409.

    2.    In her schedules, the debtor specifies an interest in real property identified as "106 S 15th Street, Fort Pierce, FL 34950 and incorrectly claims ownership as "fee simple-inherited". Jessica Shroyer does not in fact have any title interest whatsoever in the subject property and she has not in fact "inherited" any portion of the property identified in her petition.

    3.    At all relevant times and as of the date of filing this motion, Gene Shroyer (Est) remains the record title owner of the real property identified as 106 S 15th Street and 108 S 15th Street and with the legal description:

> The North 1/2 of Lot 4, Block 3, J S Keen's Subdivision, according to plat thereof as recorded in Plat Book 1, Page 41, of the Public Records of St. Lucie County, Florida
> and
> The North 1/2 of Lot 5, Block 3, J S Keen's Subdivision, According to the plat thereof as recorded in Plat Book 1, Page 41, of the Public Records of St Lucie County, Florida

    4.    According to the state court estate proceedings a Petition for Administration was filed on 1/5/17, indicating that Gene Shroyer died on 6/25/17 (St. Lucie, Florida Probate Case No. 2017-CP-1372). Conflicting claims to interest in the property were asserted but Jessica Shroyer failed to proceed to resolve those claims during the period between when the estate was opened and when it was finally closed on 10/30/20. Accordingly, no title or interest in the real property passed to Jessica Shroyer or anyone else.

5. City of Fort Pierce is creditor who holds both pre and post-petition municipal liens and a Final Judgment of municipal lien foreclosure which amounts due are partially secured against the real property. The City of Fort Pierce has standing to bring this Motion by virtue of its Final Judgment of Foreclosure against the property.

6. On 5/19/22, the City of Fort Pierce filed its state court action to foreclose on a series of municipal code enforcement liens that had been recorded against the subject property as far back as 4/4/2005, with Gene Shroyer as violator and obligor. (St. Lucie County Case No. 22-CA-871) A Final Judgment of Lien Foreclosure was rendered on 12/1/23 finding that the City of Fort Pierce was owed $249,997.00 and a foreclosure action was scheduled to occur on 1/24/23. Debtor filed these bankruptcy proceedings and no sale has occurred. Critically, because Jessica Shroyer does not own the property, this judgment is not a debt that she owns or is liable for, the face of the Judgement clearly provides that it is in rem only. Jessica (Exhibit A)

7. The City of Fort Pierce conducted a public safety inspection of the subject property on 7/28/23 and identified numerous ongoing and post-petition building code and public safety violations. (Exhibit B)

8. The City of Fort Pierce has not taken any action to enforce its 1/24/23 nor the post-petition code enforcement and building safety violations.

9. On information and belief, the condition of the structure that sits on the real property is so degraded that it should be subject to formal condemnation and demolition actions and based on observable violations, the structure is not fit for human habitation. Based on readily-observable conditions of the subject property, any occupancy of the subject property would present public safety concerns. Given the condition of the structure and the outstanding amount of the Final Judgment of Foreclosure, the debtor has no equity interest in the subject property.

10. Mover is entitled to relief from the automatic stay pursuant to 11 U.S.C. §§ 362(d)(1) and 362(d)(2) because: a. Debtor has no equity in the Collateral and the Collateral is not needed by the Debtor for its reorganization. Mover believes that the collateral has a value of $11,100. The sale price of the property was accepted to satisfy the outstanding debt owed on the property.
   a. Debtor has failed to maintain the property and based on her answer to the Complaint in the foreclosure action, Debtor is not in a position to maintain the property nor can the property be sold to satisfy any additional creditor debts.
   b. Debtor has failed to pay the real estate taxes owed on the Collateral.

11. The Motion has the following attachments, identified clearly by Exhibit Number:

   a. Final Judgment (A)
   b. Inspection Reports (B)
   c. Indebtedness Worksheet (C)

12. WHEREFORE, Mover prays for an Order from the Court granting Mover relief from the automatic stay of § 362 of the Bankruptcy Code to permit Mover to proceed under law and for such other and further relief to which the Mover may be entitled.

**I HEREBY CERTIFY** that a true and correct copy of the foregoing has been furnished via electronic filing to ATTORNEY FOR DEBTORCOLIN LLOYD, ESQUIRE HOSKINS & TURCO, P.L.302 S. 2ND STREET FT. PIERCE, FL 34950via 1st Class U.S. Mail this ___ day of _____, 2023.

    Respectfully submitted,

/s/
_____
Matthew Weidener, Esq.
Weidner Law
250 Mirror Lake Dr N
St Petersburg, FL 33701-3200
727/954-8752
Service@mattweidnerlaw.com

## DEBT AS OF THE PETITION DATE

A. Total pre-petition indebtedness of debtor(s) to movant (if movant is not the lender, this refers to the indebtedness owed to the lender) as of petition filing date:  $ _249,997_____

1. Amount of principal: $_249,997.00_

2. Amount of interest: $___9,169.00_

3. Amount of escrow (taxes and insurance): $_____

4. Amount of forced placed insurance expended by movant: $_____

5. Amount of attorney's fees billed to debtor(s) pre-petition: $_3,850__

6. Amount of pre-petition late fees, if any, billed to debtor(s): $_____

7. Any additional pre-petition fees, charges or amounts charged to debtors/debtors account and not listed above: _____ (if additional space is needed, list the amounts on a separate sheet and attach the sheet as an exhibit to this form; please list the exhibit number here: _____.)

B. Contractual interest rate: ___4.25_____ (if interest rate is (or was) adjustable, list the rate(s) and date(s) the rate(s) was/were in effect on a separate sheet and attach the sheet as an exhibit to this form; list the exhibit number here: _____.)